TODD A. RIGBY, Bar No. 013383
Todd.Rigby@lewisbrisbois.com
SHAWN M. PETRI, Bar No. 022642
Shawn.Petri@lewisbrisbois.com
**LEWIS BRISBOIS BISGAARD & SMITH** LLP
Phoenix Plaza Tower II
2929 North Central Avenue, Suite 1700
Phoenix, Arizona 85012-2761
Telephone: 602.385.1040
Facsimile: 602.385.1051
Firm email: azdocketing@lewisbrisbois.com
*Attorneys for Defendants.*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rui He, a single woman; Chengbo Yue, in his sole and separate right, | Case No. |
| Plaintiffs, | **NOTICE OF REMOVAL** |
| vs. | |
| Chaudhry Zarar Bajwa and Jane Doe Bajwa, a married couple, Day to Day Logistics, Inc., a foreign corporation; LBEL Inc., a foreign corporation; Meredes-Benz Financial Services Canada Corporation, a foreign corporation; ABC Partnerships I-X; XYZ Corporations I-X; John Doe I-X and Jane Doe I-X, | |
| Defendants. | |

Pursuant to 28 U.S.C. §§ 1332, 1441(a), and 1446, Defendants remove this action from the Superior Court of Arizona, Maricopa County, Case No. CV2022-001229, to the United States District Court for the District of Arizona – Phoenix Division.  In support of removal, Defendants state as follows:

## I.    STATUS OF STATE COURT ACTION

1.    On January 31, 2022, Plaintiffs filed their Complaint against Defendants in the Superior Court of Arizona, Maricopa County.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4869-9993-7298.1

2.       Plaintiff served Defendant Day to Day Logistics, Inc. ("Day to Day") by certified mail on February 4, 2022.[1]  Day to Day has not filed a responsive pleading in the state court action.  A copy of the state court docket and all state court filings are included in Exhibit A, attached hereto, pursuant to LRCv 3.6(b).

3.       Defendants filed a Notice of Filing Notice of Removal in the state court action. A true and correct copy of the Notice is attached hereto as Exhibit B.

4.       As stated in more detail below, this case is properly removed pursuant to 28 U.S.C. § 1441 because Defendants satisfied the procedural requirements for removal and because this Court possesses diversity jurisdiction over this action, which involves citizens of different States and an amount in controversy exceeding $75,000, exclusive of interest and costs.  *See* 28 U.S.C. § 1332.

## II.       DEFENDANT SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL

5.       Plaintiffs filed their Complaint on January 31, 2022, and served Day to Day on February 4, 2022.  This Notice of Removal is timely under 28 U.S.C. § 1446(b).

6.       Venue in this Court is proper under 28 U.S.C. § 1441(a) because the Superior Court of Arizona, Maricopa County, is located within the Phoenix Division of the District of Arizona.  Thus, this Court "embrac[es] the place where such action is pending."  28 U.S.C. § 1441(a).

7.       No prior notice of removal has been filed.

8.       In accord with 28 U.S.C. § 1446(d) and Local Rule of Civil Procedure 3.6(a), Defendants served the other parties with a copy of the Notice of Removal and filed a copy of the Notice of Removal in the Superior Court of Arizona, Maricopa County.

---

[1] Upon information and belief the remaining Defendants have not been served in this action.  Undersigned counsel has been retained to represent all Defendants.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4869-9993-7298.1                                        2

### III.   DIVERSITY JURISDICTION

9.     Under 28 U.S.C. § 1332(a), this Court has original jurisdiction over a civil action between citizens of different states or countries in which the matter in controversy exceeds $75,000, exclusive of interest and costs.

10.    Day to Day Logistics is incorporated in Ontario, Canada.  Its principal place of business is in Mississauga, Ontario, Canada.  Day to Day is a citizen of Canada for diversity purposes under 28 U.S.C. § 1332(c)(1).

11.    Chaudhry Zarar Bajwa is a resident of Pickering, Ontario, Canada.  Mr. Bajwa is a citizen of Canada for diversity purposes under 28 U.S.C. § 1332(c)(1).

12.    LBEL Inc. is incorporated in Canada.  Its principal places of business are in Burlington, Ontario, Canada and Toronto, Ontario Canada.  LBEL Inc. is a citizen of Canada for diversity purposes under 28 U.S.C. § 1332(c)(1).

13.    Mercedes-Benz Financial Services Canada Corporation ("Mercedes-Benz") is incorporated in British Columbia, Canada.  Its principal place of business is in Mississauga, Ontario, Canada.  Merecedes-Benz is a citizen of Canada for diversity purposes under 28 U.S.C. § 1332(c)(1).

14.    Plaintiffs Rui He and Chengbo Yue are citizens of North Carolina (Compl., ¶ 2).  Therefore, Plaintiffs are citizens of North Carolina for diversity purposes under 28 U.S.C. § 1332(c)(1).

15.    Typically, the amount in controversy is determined by the allegations in the Complaint.  *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 400 (9th Cir. 1996).  However, because the Complaint in this action does not specify the amount of damages Plaintiffs seek, Mrs. Gooch's must show by a preponderance of the evidence that the amount in controversy exceeds $75,000 - exclusive of interest and costs.  *Id.*; *Necessary v. State Farm Auto. Ins. Co.*, 359 Fed. Appx. 807, 810 (9th Cir. 2009).

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

16.     "Under this burden, the Defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds [75,000]." *Welsh v. New Hampshire Ins. Co.*, 843 F. Supp. 2d 1006, 1009 (D. Ariz. 2012).  "The party seeking removal does not need to establish what damages the Plaintiffs will recover, but only how much is in controversy between the parties." *Blomberg v. Serv. Corp. Intern.*, 639 F.3d 761, 763 (7th Cir. 2011); *Kovacs v. Chesley*, 406 F.3d 393, 396 (6th Cir. 2005) ("The test for whether the jurisdictional amount has been met considers whether the Plaintiff can succeed on the merits in only a very superficial way."); *see also Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) ("The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of . . . liability").

17.     "[T]he inquiry into the amount in controversy is not confined to the face of the Complaint." *Welsh*, *supra*.

18.     Pursuant to Arizona Rules of Civil Procedure, Rule 26.2(b), Plaintiffs designated this matter as a Tier 3 case.  Pursuant to Rule 26.2(c)(3), a Tier 3 case is a matter with an alleged case value above $300,000.

19.     Upon information and belief, Plaintiffs allege they suffered concussions in the accident with ongoing cognitive complaints.  Based upon discussions with Plaintiffs' counsel the anticipated demand will exceed $75,000.

20.     Given the allegations Plaintiffs' claims for damages comprise an "amount in controversy" in excess of $75,000, exclusive of interest and costs.

21.     Therefore, under Section 1332 of Title 28, United States Code, this Court has subject matter jurisdiction over this civil action.



LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

DATED this 4th day of March, 2022

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

By:  _____
            *s/ Todd A. Rigby*
            Todd A. Rigby
            Shawn M. Petri
            *Attorneys for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 4th, 2021, I electronically transmitted the attached

document to the Clerk's Office using the CM/ECF System for filing and transmittal of a

Notice of Electronic Filing and deposited the same in the U.S. Mail to the following

CM/ECF registrants:

Allen Bucknell
GOLDBERG & OSBORNE, LLP
4423 E. Thomas Road, Ste 3
Phoenix, AZ 85018
*Attorneys for Plaintiffs*

 */s/ Laura M. Nagelkirk*
37986-5244

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

# Exhibit A

# Exhibit A

Clerk of the Superior Court
*** Electronically Filed ***
A. Marquez, Deputy
1/31/2022 4:37:24 PM
Filing ID 13883354

1  **GOLDBERG & OSBORNE, LLP**
   Allen D. Bucknell, Esq., #007351
2  4423 E. Thomas Road, Suite 3
   Phoenix, AZ 85018
3  (602) 808-6200
4  abucknell@goldbergandosborne.com
   minutes@goldbergandosborne.com
5  *Attorney for Plaintiff*

6  ## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

7  ## IN AND FOR THE COUNTY OF MARICOPA

8  RUI HE, a single woman; CHENGBO YUE,
   in his sole and separate right,

9                                                CV2022-001229

10     Plaintiffs,

11 vs.                                           C O M P L A I N T

12 CHAUDHRY ZARAR BAJWA and JANE               (Tort/Motor-Vehicle)
   DOE BAJWA, a married couple; DAY TO
13 DAY LOGISTICS INC., a foreign               (Tier 3)
   corporation; LBEL INC., a foreign
14 corporation; MERCEDES-BENZ
   FINANCIAL SERVICES CANADA
15 CORPORATION, a foreign corporation;
   ABC PARTNERSHIPS I-X; XYZ
16 CORPORATIONS I-X; JOHN DOE I-X and
   JANE DOE I-X,

17     Defendants.

18

19     COMES NOW, Plaintiffs, Rui He and Chengbo Yue, through their counsel undersigned,

20 for their Complaint against defendants, state and allege:

21

22

23

24

GOLDBERG & OSBORNE LLP
4423 E Thomas Rd Ste 3
Phoenix, AZ 85018
(602) 808-6200

## JURISDICTION AND VENUE

1.     The amount in controversy in this matter exceeds the minimum jurisdictional amount required for Superior Court jurisdiction. The incident described in this complaint occurred in Mohave County, Arizona. Jurisdiction and venue in Maricopa County is proper because one or more of the defendants to this action conduct business or otherwise have an agent for service of process located in Maricopa County.

2.     Plaintiffs, Rui He and Chengbo Yue, are residents of North Carolina.

3.     Upon information and belief, at all times relevant herein, defendants, Chaudhry Zarar Bajwa ("defendant Bajwa" or "Bajwa") and Jane Doe Bajwa (collectively, "defendants Bajwa"), were residents of Pickering, Ontario, Canada and acting on behalf of the marital community composed of each.

4.     Upon information and belief, at all times relevant herein, defendant, Day To Day Logistics Inc. ("defendant Logistics" or "Logistics"), was and is a foreign corporation organized and existing under the laws of Ontario, Canada with its headquarters and principal place of business in Mississauga, Ontario, Canada.

5.     Upon information and belief, at all times relevant herein, defendant, LBEL Inc. ("defendant LBEL" or "LBEL"), was and is an extra-provincial federal foreign corporation organized and existing under the laws of Canada with its headquarters in Burlington, Ontario, Canada, and principal place of business in Toronto, Ontario, Canada.

6.     Upon information and belief, at all times relevant herein, defendant, Mercedes-Benz Financial Services Canada Corporation ("defendant Mercedes" or "Mercedes"), was and is a

GOLDBERG & OSBORNE LLP
4423 E. Thomas Rd Ste 3
Phoenix, AZ 85016
(602) 808-4386

foreign corporation organized and existing under the laws of British Columbia, Canada, with its headquarters in Vancouver, British Columbia, Canada, and its principal place of business in Mississauga, Ontario, Canada.

7.     The defendants, ABC Partnerships I-X, XYZ Corporations I-X, John Does I-X, and Jane Does I-X (collectively, "fictitious defendants"), are believed to be individuals and/or entities who are residents or who are involved in commercial enterprise in the State of Arizona or who have caused or contributed to events which underlie this lawsuit. The true names of such defendants are unknown at this time and plaintiffs will, upon ascertaining the true names of said defendants, seek leave of Court to amend this complaint.

8.     Upon information and belief, at all times relevant herein defendant Bajwa was a professional driver with a commercial driver's license ("CDL") who worked as the employee, lent/borrowed employee, actual agent, and/or apparent agent of defendants Logistics, Mercedes, LBEL, and/or one or more of the fictitious defendants, and was acting within the course and scope of employment and/or agency pursuant to actual, ostensible or apparent authority while pursuing a commercial enterprise, so as to render these defendants responsible under the doctrine of *respondeat superior* or actual, ostensible or apparent agency.

9.     Upon information and belief, at all times relevant herein, defendants Bajwa, Logistics, Mercedes, LBEL, and/or one or more of the fictitious defendants, individually or through a joint venture, were operating as, or agents of, a *Broker*[1] under the authority of the United States

---

[1]     The term "*Broker*" is defined in 49 U.S.C. § 13102 (2) as a person, company, etc., that as a principal or agent sells, offers for sale, negotiates for, or holds itself out as selling, providing, or arranging for transportation by motor carrier for compensation. associations, firms, partnerships, societies, and joint stock companies, as well as individuals.

3

GOLDBERG & OSBORNE LLP
4423 E Thomas Rd Ste 3
Phoenix, AZ 85018
(602) 808-5408

Department of Transportation (USDOT) and Federal Motor Carrier Safety Administration (FMCSA), exerting significant management, economic, and practical control over the involved motor carriers and drivers by, *inter alia*, planning routes, dispatching, approving time tables, advancing fuel costs or expenses, coordinating deliveries, controlling communication, settling and enforcing rules or penalties, and paying bonuses in pursuit of a commercial enterprise.

10.    Upon information and belief, at all times relevant herein, defendants Bajwa, Logistics, Mercedes, LBEL, and/or one or more of the fictitious defendants, individually or through a joint venture, were operating as, or agents of, a *Foreign Motor Carrier*[2] and/or *Motor Carrier*[3] under the authority of the USDOT and FMCSA in pursuit of a commercial enterprise.

11.    Upon information and belief, at all times relevant herein, defendants, and all of them, were the agents, contractors, and employees of their codefendants and in doing the things alleged in this complaint were acting within the course and scope of that agency, contract, and employment and, therefore, jointly, severally, and/or otherwise vicariously liable for the acts of the other. Each defendant, when acting as a principal, was also responsible for the selection and hiring of each other defendant as an agent, contractor, or employee.

## FACTUAL BASIS

[2]    The term *"Foreign Motor Carrier"* is defined in 49 U.S.C. § 13102(6) as a person, company, etc., including a motor carrier of property that is domiciled in a contiguous foreign country or that is owned or controlled by persons of a contiguous foreign country and that provides interstate transportation of property by motor vehicle under an agreement or contract entered into with a motor carrier of property.

[3]    The term *"Motor Carrier"* is defined in 49 United States Code (U.S.C.) § 13102 (14) as a person, company, etc., providing motor vehicle transportation for compensation.

4

12.  On or about February 3, 2020, at approximately 11:30 p.m., plaintiff, Rui He, was driving her 1998 Toyota four-door sedan east on Interstate 40 at or near milepost 37 in Mohave County, Arizona. Co-plaintiff, Chengbo Yue, was seated in the front passenger seat of the Toyota.

13.  At the same time and place, defendant Bajwa, negligently caused the 2019 Freightliner commercial motor vehicle ("CMV")[4] he was operating to collide into the rear of plaintiff's Toyota, causing both vehicles to roll before coming to rest. As a result, plaintiffs sustained significant injuries and damages to their person and property.

14.  Upon information and belief, at all times relevant herein, the CMV operated by defendant Bajwa was owned by defendant Mercedes.

15.  Upon information and belief, at all times relevant herein, defendant Mercedes leased the CMV to one or more of the defendants to this action, including but not limited to defendants Bajwa, Logistics, LBEL, and/or one or more of the fictitious defendants for a commercial purpose.

16.  Upon information and belief, at all times relevant herein, defendant Bajwa was towing a commercial trailer ("CT") owned by one or more of the defendants to this action, including but not limited to defendants Mercedes, Logistics, LBEL, and/or one or more of the fictitious defendants for a commercial purpose.

---

[4] As used herein, *"Commercial motor vehicle"* or *"CMV"* means any self-propelled or towed motor vehicle used on a highway in interstate commerce to transport property when the vehicle has a gross vehicle weight rating or gross combination weight rating, or gross vehicle weight or gross combination weight, of 4,536 kg (10,001 pounds) or more, whichever is greater. *See*, 49 CFR § 390.5.

GOLDBERG & OSBORNE LLP
4423 E Thomas Rd Ste 3
Phoenix, AZ 85018
(602) 808-4266

5

17.     Upon information and belief, at all times relevant herein, the property being transported in the CT was being transported for sale, lease, or bailment or to further a commercial enterprise by or on behalf of the owner, lessee, or bailee of the property being transported.

**COUNT ONE**

NEGLIGENCE RE: DEFENDANT BAJWA

18.     Plaintiffs incorporate all prior allegations made herein.

19.     Defendant Bajwa had a duty to operate the CMV as a reasonable and prudent professional driver with a CDL so as to avoid colliding with plaintiff's Toyota and causing harm to plaintiffs and their property.

20.     Defendant Bajwa breached his duty when he collided into plaintiff's Toyota.

21.     The action and/or inaction of defendant Bajwa was negligent.

22.     The negligent and wrongful acts of the defendants, and all of them, caused or contributed to the collision and resulting injuries and damages of the plaintiffs.

**COUNT TWO**

NEGLIGENCE PER SE RE: DEFENDANT BAJWA

23.     Plaintiffs incorporate all prior allegations made herein.

24.     Defendant Bajwa operated the CMV in violation of certain Arizona statutes, regulated by law for the protection of public safety, including, without limitation:

a.     A.R.S. § 28-693(A). A person who drives a vehicle in reckless disregard for the safety of persons or property is guilty of reckless driving.

6

GOLDBERG & OSBORNE LLP
4423 E Thomas Rd Ste 2
Phoenix, AZ 85018
(602) 808-6268

b. A.R.S. § 28-701(A). A person shall control the speed of a vehicle as necessary to avoid colliding with any object, person, vehicle, or other conveyance on, entering or adjacent to the highway in compliance with legal requirements and the duty of all persons to exercise reasonable care for the protection of others.

25. Defendant's statute violations constitute negligence per se.

26. The action and/or inaction of defendant Bajwa was negligent as a matter of law.

27. The negligent and wrongful acts of the defendants, and all of them, including the statutory violations, caused or contributed to the collision and resulting injuries and damages of the plaintiffs.

### COUNT THREE

### NEGLIGENCE PER SE RE: DEFENDANT BAJWA

28. Plaintiffs incorporate all prior allegations made herein.

29. On information and belief, Defendant Bajwa operated the CMV in violation of certain federal regulations and statutes, regulated by law for the protection of public safety, including, without limitation:

a. 49 CFR § 383.110 (All drivers of CMVs must have the knowledge and skills necessary to operate a CMV safely).

b. 49 CFR § 383.111, et seq. (Required knowledge of safe operations regulations, safe vehicle control systems, CMV safety control systems, basic control, visual search, speed management, space management, night operation, extreme driving conditions, hazard perceptions, emergency maneuvers, relationship of cargo to

GOLDBERG & OSBORNE LLP
4423 E Thomas Rd Ste 3
Phoenix, AZ 85018
(602) 266-5200

vehicle control, vehicle safety inspections, mountain driving, fatigue and awareness, air brakes, and combination vehicles).

c.  49 CFR § 383.113, et seq. (Required pre-trip vehicle inspection skills for each relevant safety-related part on the vehicle, including but not limited to the vehicle's brake system; required on-road driving skills, including but not limited to ability to use proper visual search methods, ability to adjust speed to the configuration and condition of the roadway, visibility conditions, traffic conditions; ability to choose a safe gap for changing lanes and passing other vehicles; ability to maintain a safe following distance depending on the condition of the road, visibility, and vehicle weight; ability to adjust operation of the motor vehicle to prevailing weather conditions including speed selection, braking, direction changes, and following distance to maintain control; and ability to observe the road and the behavior of other motor vehicles, particularly before changing speed and direction).

d.  49 CFR § 392.3 (No driver shall operate a commercial motor vehicle while the driver's ability or alertness is so impaired, or so likely to become impaired, through fatigue, illness, or any other cause, as to make it unsafe for him/her to begin or continue to operate the commercial motor vehicle).

e.  49 CFR § 395.1, et seq (Exceeding relevant driving time limit).

f.  49 CFR § 395.3, et seq (Exceeding relevant driving time limit).

g.  49 CFR § 395.8, et seq (Recording and submitting accurate driver duty status).

h.  49 CFR § 396.13, et seq (Inspection of vehicle to confirm safe operating condition).

8

30.   Defendant's statute violations constitute negligence per se.

31.   The action and/or inaction of defendant Bajwa was negligent as a matter of law.

32.   The negligent and wrongful acts of the defendants, and all of them, including the statutory violations, caused or contributed to the collision and resulting injuries and damages of the plaintiffs.

<u>**COUNT FOUR**</u>

NEGLIGENT ENTRUSTMENT

33.   Plaintiffs incorporate all prior allegations made herein.

34.   Upon information and belief, one or more of the defendants to this action, including but not limited to defendants Mercedes, Logistics, LBEL, and one or more fictitious defendants, had a duty to entrust a CMV to a competent and experienced driver to avoid harm to plaintiffs and their property.

35.   Upon information and belief, one or more of the defendants to this action, including but not limited to defendants Mercedes, Logistics, LBEL, and one or more fictitious defendants entrusted defendant Bajwa with the CMV that collided with plaintiffs.

36.   Upon information and belief, one or more of the defendants to this action, including but not limited to defendants Mercedes, Logistics, LBEL, and one or more fictitious defendants knew, or in the exercise of reasonable care, should have known, that defendant Bajwa was incompetent to operate the CMV safely.

37.   The action or inaction of defendants was negligent.

38.   The negligent and wrongful acts of the defendants, and all of them, caused or

GOLDBERG & OSBORNE LLP
4423 E Thomas Rd Ste 3
Phoenix, AZ 85018
(602) 808-4209

contributed to the collision and resulting injuries and damages of the plaintiffs.

## COUNT FIVE

### NEGLIGENT TRAINING/SUPERVISION

39.     Plaintiffs incorporate all prior allegations made herein.

40.     Upon information and belief, one or more of the defendants to this action, including but not limited to defendants Mercedes, Logistics, LBEL, and one or more fictitious defendants, have a duty to exercise reasonable care in the training and supervision of employees/drivers, agents, and contractors in light of the particular risk or hazard that the breach of duty poses to other persons, including plaintiffs.

41.     Upon information and belief, one or more of the defendants to this action, including but not limited to defendants Mercedes, Logistics, LBEL, and one or more fictitious defendants, breached their duty in that, among other things, they failed to train defendant Bajwa in the safe operation of a CMV in compliance with relevant safety/trucking standards and regulations.

42.     Upon information and belief, one or more of the defendants to this action, including but not limited to defendants, Defendants Mercedes, Logistics, LBEL, and one or more fictitious defendants breached their duty in that, among other things, they failed to properly supervise defendant Bajwa's driving patterns, hours of service, etc., to ensure compliance with relevant safety/trucking standards and regulations.

43.     The action or inaction of defendants was negligent.

44.     The negligent and wrongful acts of the defendants, and all of them, caused or contributed to the collision and resulting injuries and damages of the plaintiffs.

GOLDBERG & OSBORNE LLP
4423 E Thomas Rd Ste 3
Phoenix, AZ 85018
(602) 808-6200

## COUNT SIX

### NEGLIGENT HIRING/RETENTION

45.     Plaintiffs incorporate all prior allegations made herein.

46.     Upon information and belief, one or more of the defendants to this action, including but not limited to defendants Mercedes, Logistics, LBEL, and one or more fictitious defendants, have a duty to employ and retain competent and careful employees/drivers, agents. and contractors who are expected to perform skillfully and carefully any work involving a risk of physical harm, including but not limited to conducting a reasonable investigation into the qualifications and experience of prospective employees/drivers, agents, and contractors; investigating a prospective motor carrier's safety policies and relevant FMSCA safety statistics; and diligently reviewing, maintaining, and updating internal policies and records of each person with whom it contracts to assure the person should be employed or retained.

47.     Upon information and belief, one or more of the defendants to this action, including but not limited to defendants Mercedes, Logistics, LBEL, and one or more fictitious defendants, breached their duty to employ and retain competent and careful employees/drivers, agents, and contractors, because, among other things, they knew or had reason to know that defendant Bajwa lacked the necessary qualifications, skills. and experience to safely drive a CMV and that their codefendants were unable or unwilling to conduct their *Foreign Motor Carrier* or *Motor Carrier* operations safely, but employed and retained them despite that knowledge.

48.     The action or inaction of defendants was negligent.

11

49.     The negligent and wrongful acts of the defendants, and all of them, caused or contributed to the collision and resulting injuries and damages of the plaintiffs.

## COUNT SEVEN

## NEGLIGENCE PER SE

50.     Plaintiffs incorporate all prior allegations made herein.

51.     Upon information and belief, one or more of the defendants to this action, including but not limited to defendants Mercedes, Logistics, LBEL, and one or more fictitious defendants, violated certain federal regulations and statutes, regulated by law for the protection of public safety, including, without limitation:

a.  49 CFR § 386.12(c) and 390.6 (prohibiting the coercion of drivers of CMV to violate commercial safety regulations);

b.  49 CFR § 391.11(a) (a motor carrier shall not require or permit a person to drive CMV unless that person is qualified to drive);

c.  49 CFR § 391.31 (road test by motor carrier);

d.  49 CFR § 392.3 (a motor carrier shall not require or permit a driver to operate a CMV while the driver's ability or alertness is impaired through fatigue, illness, or other causes);

e.  49 CFR § 392.6 (no motor carrier shall schedule a run nor permit or require the operation of any CMV between points in such period of time as would necessitate the CMV being operated at speeds greater than those prescribed by the jurisdiction in which the CMV is being operated);

GOLDBERG & OSBORNE LLP
4423 E Thomas Rd Ste 3
Phoenix, AZ 85018
(602) 285-6200

12

  f.  49 CFR § 393.40 (each commercial motor vehicle must have brakes adequate to stop and hold the vehicle);

  g.  49 CFR § 393.52 (brake performance);

  h.  49 CFR § 395 (hours of service of drivers);

  i.  49 CFR § 396.3 (inspection, repair, and maintenance); and

  j.  49 CFR § 396.25 (qualified brake inspectors).

52.  Defendants' statute violations constitute negligence per se.

53.  The action and/or inaction of defendants, and all of them, was negligent as a matter of law.

54.  The negligent and wrongful acts of the defendants, and all of them, including the statutory violations, caused or contributed to the collision and resulting injuries and damages of the plaintiffs.

## PUNITIVE DAMAGES

55.  Plaintiffs incorporate all prior allegations made herein.

56.  Defendant Logistics has exhibited a pattern and practice of repeated violations of the FMSCA and state motor vehicle laws creating an unreasonable risk of harm to plaintiffs and others.

57.  Defendant Logistics acted to serve its own interests, having reason to know and consciously disregarding a substantial risk that their conduct might significantly injure the rights of others.

13

58.    Defendant Logistics consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to others.

59.    Defendant Logistics' conduct warrants the imposition of punitive damages so as to deter future wrongful conduct and harm to others.

### DAMAGES

60.    Plaintiffs incorporate all prior allegations made herein.

61.    As a direct and proximate result of the conduct of defendants, and all of them, plaintiff, Rui He, suffered injuries and damages, including but not limited to past and future medical expenses, loss of earnings, pain and suffering, mental anguish, psychological trauma, and personal property damage in amounts to be proven at trial.

62.    As a direct and proximate result of the conduct of defendants, and all of them, plaintiff, Chengbo Yue, suffered injuries and damages, including but not limited to past and future medical expenses, pain and suffering, mental anguish, psychological trauma, past lost earnings, future impairment to earning capacity, and personal property damage in amounts to be proven at trial.

63.    Pursuant to Rule 8(b)(2), Arizona Rules of Civil Procedure, a party who claims damages but does not plead an amount must plead that their damages are such as to qualify for a specified tier defined by Rule 26.2(c)(3), Arizona Rules of Civil Procedure.

64.    Plaintiffs' claims for damages against defendants are logistically and legally complex, will involve voluminous documentary evidence, and require management of a large number of witnesses and separately represented parties, qualifying this matter for Tier 3 discovery.

14

WHEREFORE, plaintiffs respectfully requests that judgment be entered in favor of the plaintiffs and against defendants, and each of them, as follows:

1.      For all general compensatory damages in an amount to be proven at trial;

2.      For all chargeable and taxable legal costs;

3.      Punitive damages; and

4.      For such other and further relief as the Court deems just and proper.

Dated this 31st day of January, 2022.

**GOLDBERG & OSBORNE, LLP**

By: /s/ Allen D. Bucknell
     Allen D. Bucknell, Esq.
     *Attorney for Plaintiff*

15

# GOLDBERG & OSBORNE LLP.

### *The Injury Lawyers.*
(602) 808-6200

Certified In Personal
Injury and Wrongful
Death Litigation by the
Arizona Board of
Legal Specialization:
John E. Osborne
Allen D. Bucknell
Lisa M. Kimmel

February 4, 2022

Day to Day Logistics Inc.
6150 Kennedy Rd Unit 8
Mississauga ON L5T 2J4
Canada

RE:    Rui He, et al vs. Bajwa, et al, Maricopa County Superior Court No. CV2022-0012

Dear Day to Day Logistics, Inc.,

My firm represents Rui He and Chengbo Yue for injuries and damages they sustained when a commercial motor vehicle (CMV) being driven by Chaudhry Zarar Bajwa collided with their vehicle on Interstate 40 in Arizona on February 3, 2020. The United States Department of Transportation (USDOT) regulates the operations of all CMV involved in interstate commerce and assigns each carrier a unique USDOT identification number. It was determined that the CMV involved in the collision was operating under your company's USDOT registration.

A lawsuit has been filed against you and others and is pending in the Maricopa County (Arizona) Superior Court (referenced above). Plaintiffs are required to formally notify you of the action and serve you with the summons, complaint, and other related legal documents in a timely manner. I recommend you immediately consult with an attorney, as a default judgment could be entered against you if you refuse or fail to timely file your answer to the complaint or otherwise appear and defend against the claims brought by plaintiffs. Enclosed herewith please find the following documents pertaining to this lawsuit:

- Summons
- Complaint
- Certificate of Arbitration

Service is being made against you pursuant to one or more governing laws that grant a party in an action arising in Arizona the authority to serve legal process on a foreign corporation whose principal place of business is in Ontario, Canada, including:

- Rule 4.2(k), ARCP (*Serving a Corporation, Partnership, or Other Incorporated Association in a Foreign Country*), by delivering a copy of the summons and pleading being served in the manner set forth in Rule 4.2(i), ARCP.

**4423 E Thomas Rd Ste 3, Phoenix, AZ 85018**
**FAX (602) 808-6960**

February 4, 2022

- Rule 4.2(i), ARCP (*Serving an Individual in a Foreign Country*), by complying with the governing law of the foreign country[1] for service on an individual in an action in its courts of general jurisdiction by (i) any internationally agreed means of service, or (ii) by a method that is reasonably calculated to give notice as set forth by the foreign country's law for service, (iii) as the foreign country directs in response to a letter rogatory, (iv) by delivering a copy of the summons to the individual personally, or (v) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt.

- Rule 16.02(c), Ontario Rules of Civil Procedure (*Personal Service on a Corporation*), by leaving a copy of the document with an officer, director, or agent of the corporation, or with a person at any place of business of the corporation who appears to be in control or management of the place of business.

- Rule 16.03(6), Ontario Rules of Civil Procedure (*Alternatives to Personal Service on a Corporation*), when the attorney or agent of the corporation cannot be found, by mailing the document to the corporation at the last address recorded with the Ministry of Government and Consumer Services.

- 49 U.S.C. § 13304(a) (A motor carrier or broker providing transportation...between places in a foreign country or between a place in one foreign country and a place in another foreign country, shall designate an agent in each State in which it operates by name and post office address on whom process issued by a court with subject matter jurisdiction may be served in an action brought against that carrier or broker. The designation shall be in writing and filed with the Department of Transportation and each State in which the carrier operates may require that an additional designation be filed with it. If a designation under this subsection is not made, service may be made on any agent of the carrier or broker within that State).

Please immediately forward this letter and all enclosed documents to your attorney and/or liability insurance carrier and ask them to contact me. Thank you for your cooperation.

Very truly yours,

**GOLDBERG & OSBORNE**

/s/ *Allen Bucknell*

Allen Bucknell | Litigation Managing Attorney
*State Bar of Arizona Certified Specialist in Personal Injury and Wrongful Death*
Direct (602) 808-6209 | Fax (602) 808-6960
4423 E. Thomas Rd., Suite 3, Phoenix, AZ 85018 🇬 🇫
abucknell@goldbergandosborne.com | www.1800theeagle.com

---

[1] Ontario, Canada

February 4, 2022

cc:    Gary Doyle, Esq.
        Baumann, Doyle, Paytas & Bernstein, PLLC
        2929 N. 44th Street, Suite 120
        Phoenix, Arizona 85018
        *Designated agent (49 U.S.C. § 13304(a))*
        *By process server*

Goldberg & Osborne LLP

Clerk of the Superior Court
*** Electronically Filed ***
A. Marquez, Deputy
1/31/2022 4:37:24 PM
Filing ID 13883358

Person/Attorney Filing: Allen Bucknell
Mailing Address: 4423 E Thomas Road., Suite 3
City, State, Zip Code: Phoenix, AZ 85018
Phone Number: (602)808-6200
E-Mail Address: abucknell@goldbergandosborne.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 007351, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

Rui He, et al.
Plaintiff(s),
v.
Chaudhry Zarar Bajwa, et al.
Defendant(s).

Case No.  CV2022-001229

**SUMMONS**

To: Day to Day Logistics Inc.

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT
AFFECTS YOUR RIGHTS.  READ THIS SUMMONS CAREFULLY. IF YOU DO
NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers were
   served on you with this Summons.

2. If you do not want a judgment taken against you without your input, you must file an
   Answer in writing with the Court, and you must pay the required filing fee. To file your
   Answer, take or send the papers to Clerk of the Superior Court, 201 W. Jefferson,
   Phoenix, Arizona 85003 or electronically file your Answer through one of Arizona's
   approved electronic filing systems at http://www.azcourts.gov/efilinginformation.
   Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top
   of this Summons.
   Note: If you do not file electronically you will not have electronic access to the documents
   in this case.

3. If this Summons and the other court papers were served on you within the State of
   Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the
   date of service, not counting the day of service. If this Summons and the other court papers
   were served on you outside the State of Arizona, your Answer must be filed within
   THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of
   service.

AZturboCourt.gov Form Set 046d4807

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of MARICOPA

SIGNED AND SEALED this Date: *January 31, 2022*

*JEFF FINE*
Clerk of Superior Court

By: *ARASELI MARQUEZ*
Deputy Clerk



Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

If you would like legal advice from a lawyer, contact Lawyer Referral Service at 602-257-4434 or https://maricopabar.org. Sponsored by the Maricopa County Bar Association.

2

Clerk of the Superior Court
*** Electronically Filed ***
A. Marquez, Deputy
1/31/2022 4:37:24 PM
Filing ID 13883356

Person/Attorney Filing: Allen Bucknell
Mailing Address: 4423 E Thomas Road., Suite 3
City, State, Zip Code: Phoenix, AZ 85018
Phone Number: (602)808-6200
E-Mail Address: abucknell@goldbergandosborne.com
[ ☐ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 007351. Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

Rui He, et al.
Plaintiff(s),

v.

Chaudhry Zarar Bajwa, et al.
Defendant(s).

Case No.  CV2022-001229

**CERTIFICATE OF
COMPULSORY ARBITRATION**

I certify that I am aware of the dollar limits and any other limitations set forth by the
Local Rules of Practice for the Maricopa County Superior Court, and I further certify that
this case IS NOT subject to compulsory arbitration, as provided by Rules 72 through 77 of
the Arizona Rules of Civil Procedure.

RESPECTFULLY SUBMITTED this

By: Allen Bucknell /s/
Plaintiff/Attorney for Plaintiff

# Exhibit B

# Exhibit B

1  TODD A. RIGBY, Bar No. 013383
   Todd.Rigby@lewisbrisbois.com
2  SHAWN M. PETRI, Bar No. 022642
   Shawn.Petri@lewisbrisbois.com
3  **LEWIS BRISBOIS BISGAARD & SMITH LLP**
   Phoenix Plaza Tower II
4  2929 North Central Avenue, Suite 1700
   Phoenix, Arizona 85012-2761
5  Telephone: 602.385.1040
   Facsimile: 602.385.1051
6  Firm email: azdocketing@lewisbrisbois.com
   *Attorneys for Defendants.*

7
                    SUPERIOR COURT OF THE STATE OF ARIZONA
8
                              COUNTY OF MARICOPA
9

10
   Rui He, a single woman; Chengbo Yue, in         Case No. CV2022-001229
11 his sole and separate right,
                                                    **NOTICE OF FILING NOTICE OF**
12              Plaintiffs,                         **REMOVAL**

13         vs.

14 Chaudhry Zarar Bajwa and Jane Doe
   Bajwa, a married couple, Day to Day
15 Logistics, Inc., a foreign corporation;
   LBEL Inc., a foreign corporation;
16 Meredes-Benz Financial Services Canada
   Corporation, a foreign corporation; ABC
17 Partnerships I-X; XYZ Corporations I-X;
   John Doe I-X and Jane Doe I-X,
18
                Defendants.
19

20         TO  PLAINTIFFS  HEREIN,  AND  THEIR  RESPECTIVE  ATTORNEYS  OF

21 RECORD:

22         PLEASE TAKE NOTICE that under the provisions of 28 U.S.C. §§ 1332(a) and 28

23 U.S.C. 1441(b), on March 4th, 2022, Defendants filed with the Clerk of the Court for the

24 United States District Court, for the District of Arizona, the attached Notice of Removal and

25 supporting pleadings to accomplish the removal of the action pending in the Superior Court

26 of the State of Arizona for the County of Maricopa entitled *Rui He et. al. v. Chaudhry Zarar*

27 *Bajwa, et. al..,* Case No. CV2022-001229 to the United States District Court for the District

28 of Arizona. As a result, this Court is divested of jurisdiction and must stop all proceedings

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4894-3321-2178.2

1  unless and until the case is remanded.  28 U.S. Code § 1446(d).  All pending hearings in this

2  Court must be taken off calendar.

3          A copy of the Notice of Removal, without exhibits, is attached to this Notice, and is

4  served and filed herewith as Exhibit "1".

5          DATED this 4th day of March, 2022

6                                      **LEWIS BRISBOIS BISGAARD & SMITH LLP**

7

8
                                    By:    _____s/ Shawn M. Petri_____
9                                              Todd A. Rigby
10                                             Shawn M. Petri
                                               *Attorneys for Defendants*
11

12

13  E-Filed this 4th day of March, 2022
14  with the Maricopa County Superior Court

15  COPY of the foregoing mailed
    This 4th day of March, 2022 to:
16
17  Allen Bucknell
    GOLDBERG & OSBORNE, LLP
18  4423 E. Thomas Road, Ste 3
    Phoenix, AZ 85018
19  *Attorneys for Plaintiffs*

20
     /s/ *Laura M. Nagelkirk*
21  37986-5244

22

23

24

25

26

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4894-3321-2178.2                                      2